| ¡.CHEHARDY, Judge.
In this consolidated matter, the trial court granted summary judgment in favor of plaintiff, ordering each defendant to return to plaintiff $17,331.69 plus interest, representing brokers’ commissions paid by plaintiff to defendants on a commercial lease. For the following reasons, we vacate the summary judgment and remand the matter for further proceedings.
This matter arose as a result of a lessee’s default on a commercial real estate lease. The lessor was plaintiff, Pique Severn Avenue Partnership, which owns Pontchartrain Place Shopping Center. The lessee was Rabin Enterprises, Inc. The lease was negotiated by defendants, Dennis Bailen and Diversified Investment Properties, Inc., Rabin’s brokers. Bailen and Diversified negotiated with Wagner and Truax Company, Inc., Pique’s brokers. The parties assert that the negotiations resulted in a ten year lease of the commercial property between Pique and Rabin, as well as contracts for brokers’ commissions between Pique and Ballen/Diversified and between Pique and Wagner and Truax.
Initially, it bears noting that no contract or agreement between or among any of the *180 parties in these consolidated cases has been included in the records before us. The only documents submitted by the parties were the affidavits of Harold E. Pique, Pique’s Lmanaging partner, and Ronald J. Froom, the president of Diversified, and correspondence from Mr. Froom to Wagner and Truax, which outline the terms of the lease and the commission agreements. However, the actual lease and commission agreements have not been provided.
As stated by the parties, the terms of the brokerage agreement between Pique and Ballen/Diversified were that Bailen and Diversified received 2.5% (1.25% each) of the total rent to be paid on the ten year lease by Rabin. Instead of paying 2.5% of the rent each month to Bailen and Diversified during the ten year term of the lease, Pique agreed to pay Bailen and Diversified one-half of the total amount of all the rents ($18,972.70) upon execution of the lease, and pay the remaining half in twelve equal monthly installments during the first year of the lease.
All payments to Bailen and Diversified were made by Pique. Thereafter, Rabin defaulted on the lease, triggering these two lawsuits by Pique to recover the remaining nine years of commission payments already made to Bailen and Diversified.
After the cases were consolidated, Bal-len/Diversified answered the suit, and filed a third party demand against Wagner and Truax, alleging that Wagner and Truax, as the only licensed Louisiana broker, had a duty to ensure that all transactions met the requirements of the Louisiana Real Estate License Law, La. R.S. 37:1430, et seq.
On December 14, 1998, Pique filed a motion for summary judgment, arguing that the agreement between Pique and Ballen/Diversified was void ab initio, that Bailen and Diversified were unjustly enriched, and that Pique was entitled to a return of the last nine years of commissions paid by Pique to Ballen/Diversified after Rabin defaulted on the lease.
On September 16, 1999, the trial court rendered summary judgment in favor of Pique, finding that because Bailen and Diversified were not licensed Louisiana real estate brokers, the contract between Pique and Ballen/Diversified was in violation of La R.S. 37:1436, and was therefore void ab initio. The trial court further found that because the ^contract was void ab initio, it could not be considered as a cause or justification for the enrichment to Bailen and Diversified, and that therefore, Bailen and Diversified were unjustly enriched. The trial court ordered Bailen and Diversified to each pay Pique $17,331.69, plus interest from the date of judicial demand. Bailen and Diversified thereafter filed this appeal.
It is well settled that a court of appeal reviews summary judgments de novo, under the same criteria that govern the district court’s consideration of the appropriateness of summary judgment. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
There are five requirements for a showing of unjust enrichment: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of “justification” or “cause” for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff. Baker v. Maclay Properties Co., 648 So.2d 888, 897 (La.1995) (citations omitted).
In its September 16, 1999 judgment, the trial court found that all five of the requirements exist herein. Upon our review of the records on appeal, we find pertinent facts regarding the fourth and fifth requirements either in dispute or unanswered, which preclude summary judgment in favor of Pique. La. C.C.P. art. 966.
*181 We initially find it difficult to conclude that no material facts are in dispute regarding the commercial lease agreement and brokers’ commission agreements when no contract or agreement between or among any of the parties to these consolidated cases has been included in the records herein. While a lease of immovable property may be made by either written or verbal contract,[1] “[wjhenever a commission is owed by the lessor to a third party for perfecting the lease of immovable property, the amount of the commission \hand to whom it is owed shall be clearly stated in the mitten lease agreement.” (emphasis added) La. C.C. art. 2683.1.
As stated, there is no written lease agreement in the records before us, nor is there a written agreement regarding commissions. Additionally, there has been no testimony or evidence presented regarding the events which led up to the drafting of the agreement(s) or who drafted the agreement(s). We find it premature for the trial court to have determined in a summary judgment proceeding that the commission agreement between Pique and Ballen/Diversified was void ab initio, without first receiving the lease and commission agreement(s) into the records, or hearing testimony regarding the lease/agreement(s).
We further find it premature for the trial court to have determined that because Bailen and Diversified were out-of-state brokers who failed to comply with the requirements of the Louisiana Real Estate License Law, the commission contract they executed with Pique was void ab ini-tio, and because of its absolute nullity, there was an absence of justification or cause for the enrichment to Bailen and Diversified. While a contract which is found to be absolutely null is deemed to have never existed, “a performance rendered under a contract that is absolutely null because its object or its cause is illicit or immoral may not be recovered by a party who knew or should have known of the defect that makes the contract null.” La. C.C. art. 2033.
At this point in the proceedings, it has not been determined if Pique knew or should have known that its commission contract with Ballen/Diversified may be an absolute nullity. Certainly Wagner and Truax, a third party defendant herein, should have known of the requirements of the Louisiana Real Estate License Law. Because it was Pique’s broker in this real estate transaction, Wagner and Truax may have had a duty to inform Pique of the potential problems it had in contracting with out-of-state brokers (absent or in addition to Pique’s own knowledge).
|fiWe also do not find that the fifth requirement, that there is no other remedy at law available to plaintiff, has been proven by Pique in this summary judgment proceeding. Pique has claimed that Rabin Enterprises, Inc., the lessee, has gone out of business and has no assets. This lone statement certainly does not meet Pique’s burden of proof that there is no other remedy at law available to them.
Even if we were to assume Pique’s statement to be correct, Pique has still failed to meet its burden of proof for this requirement. There are many possible other remedies at law which may be available to Pique, yet none have been addressed. Without reviewing the lease or knowing any more information regarding the facts leading up to the execution of the lease and the commission agreements, it is impossible to dismiss them in a summary judgment proceeding.
We further find it incredible that Pique would enter into a ten year lease with an out-of-state corporation, and not have some sort of recourse if that corporation defaulted on the lease, a lease which Pique has asserted would have paid Pique $1,517,816.28 over its term. Moreover, we find it inconceivable that Pique, with the aid of a well-known, licensed Louisiana *182 broker, would voluntarily agree to pay ten years of commissions up front to unknown, out-of-state brokers, without having any recourse against anyone in the event of a default of the lessee, particularly since it only agreed to pay its own broker its commissions on a semi-annual basis.
After a thorough review of the records before us, it is clear that there are numerous unanswered material facts in this case, which, pursuant to La. C.C.P. art. 966, preclude summary judgment in favor of Pique. Accordingly, the trial court’s September 16, 1999 summary judgment is hereby vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED.

. La. C.C. art. .2683.